UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ULISE BRITO, LUIS CRUZ, RUDY
FLORIMON, CRISTOBAL LIZ, CRISTOBAL
MOREL, ESCANDO MULLER, HENRY
MUNOZ, MANUEL NOLASCO, FERMIN
PEREZ, VLADIMIR DE JESUS PEREZ, JOSE
POLANCO, FERNANDO PORTILLA,
PASCUAL ROSA, MIGUEL ROSADO,
ROBERT SANTANA, FELIPE SUAZO,
RAMIRO URENA, ROLANDO VASQUEZ,

                              Plaintiffs,

        -against-

ALPINE CONSTRUCTION & RENOVATION
CORP. and ANTHONY MARCELINO GRACE,
Individually,

                              Defendants.

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED:   1/29/2024 | |

23 Civ. 2748 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Ulise Brito, Luis Cruz, Rudy Florimon, Cristobal Liz, Cristobal Morel,

Escando Muller, Henry Munoz, Manuel Nolasco, Fermin Perez, Vladimir De Jesus Perez, Jose

Polanco, Fernando Portilla, Pascual Rosa, Miguel Rosado, Robert Santana, Felipe Suazo, Ramiro

Urena, and Rolando Vasquez, bring this action against Defendants, Alpine Construction &

Renovation Corp. and Anthony Marcelino Grace, raising claims for, *inter alia*, unpaid overtime

wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New

York Labor Law ("NYLL") § 190 *et seq.*, and failure to provide wage statements and notices in

violation of the NYLL.  *See generally* Compl., ECF No. 1.  Having reached a settlement (the

"Settlement"), ECF No. 43-1, the parties seek the Court's approval of their proposed agreement.

*See* Letter, ECF No. 43.  For the reasons stated below, the motion is DENIED without prejudice

to renewal.

## DISCUSSION

I.    <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases

2

of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.*

II.    Analysis

The Settlement provides the eighteen Plaintiffs with a recovery of $125,000, inclusive of attorney's fees and costs.  Letter at 1.  Without further explanation, Plaintiffs claim that they "are obtaining half of their recovery of their alleged FLSA unpaid wages."  *Id.* at 3.  But, the Court cannot "definitively deduce the parties' contentions regarding [Plaintiffs'] maximum recovery were [they] to prevail on all issues at trial."  *Vasquez v. Tasty Picks II Corp.*, No. 21 Civ. 8799, 2022 WL 16857074, at *2 (S.D.N.Y. Nov. 10, 2022).  Specifically, the Settlement provides a breakdown of the amount representing compensatory and liquidated damages for each Plaintiff, Settlement ¶ 3, and an exhibit to the Letter calculates Plaintiffs' wage rates and corresponding damages (the "Damages Spreadsheet").  *See* ECF No. 43-3.  Plaintiffs, however, fail to explain how the amounts that each Plaintiff will receive pursuant to the Settlement correspond to the Damages Spreadsheet.  Moreover, the Damages Spreadsheet, which sets forth an alleged unpaid-

3

wage liability total of $237,631.50, does not include any figures related to the liquidated damages and recordkeeping and notice violations.  *See* Damages Spreadsheet at 3.  Further, it appears that some Plaintiffs will recover in excess of their alleged unpaid overtime wages, whereas others are paid well below that amount.  *See* Damages Spreadsheet at 1 (calculating overtime wages owed to Luis Cruz at $12,927 and to Pascual Rosa at $17,767.50); Settlement ¶ 3 (compensating Luis Cruz with $13,439.82 and Pascual Rosa with $4,976.91).  Without additional information and explanation, the Court is unable to determine whether the proposed settlement amount is fair.  As such, for each asserted claim and each Plaintiff, Plaintiffs must provide the range of potential damages—including the maximum possible recovery—so that the Court can evaluate the fairness of the Settlement amount.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the bona fides of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery."); *Mamani v. Licetti*, No. 13 Civ. 7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (listing information that would enable the court to adequately review the proposed settlement).

Concerning the second and third *Wolinsky* factors, Plaintiffs fail to provide a detailed description of the risks the parties face in further litigation.  For example, they state that "Defendants [are] mindful of the risk that Plaintiffs may [] prevail[] on some claims and that even if Defendants were ultimately successful, it would [] only occur[] after protracted litigation and at a high cost."  Letter at 3.  Such conclusory statements are insufficient.

Regarding the fourth and fifth *Wolinsky* factors, however, the parties have adequately represented that the Settlement "is the product of arm's length bargaining between experienced

4

labor and employment counsel . . . devoid of any semblance of fraud or collusion," *id.* at 3, and which included participation in court-ordered mediation, *id.* at 4.

That said, the Court cannot find that the *Wolinsky* factors have been met as the Letter inadequately addresses (1) Plaintiffs' "range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; [and] (3) the seriousness of the litigation risks faced by the parties." *Wolinsky*, 900 F. Supp. 2d at 335 (citation omitted).

Additionally, the proposed release contained in the Settlement is too sweeping to be fair and reasonable. "In general, any release provision must be limited to the claims at issue in this action." *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 324 (S.D.N.Y. 2021). The Settlement's liability release provision is overbroad in four aspects. First, the Settlement releases from liability numerous entities beyond Defendants, including:

> their predecessors, successors, assigns, parents, subsidiaries, and other affiliates, and each and every of their respective past, present, and future, employees, contractors, consultants, associates, managers, officers, business partners, owners, members, shareholders, vendors, divisions, parents, subsidiaries, predecessors, successors, assigns, investors, representatives, plans, insurers, fiduciaries, attorneys, estates, trustees, family members, heirs, representatives, and agents

Settlement ¶ 4; *see Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022). Second, the Settlement binds not only Plaintiffs but also their "heirs, legal representatives, insurers, agents, and assigns." Settlement ¶ 4. Third, the release clause applies to:

> any and all claims, demands, causes of action, fees, damages, liabilities, expenses (inclusive of attorneys' fees), obligations, debts, judgments, promises, or agreements of any nature, known or unknown to Plaintiffs, that Plaintiffs may have, ever have had or hereafter may have, from the beginning of the world to the date Plaintiffs execute this Agreement, arising out of or relating to any claim or allegation that was or could have been asserted in the Lawsuit, including, without limitation, any claim under the FLSA or the NYLL, or for compensation. This

Agreement covers claims of which Plaintiff currently may or may not have knowledge[.]

*Id.*  "When combined with the broad definition of 'releasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff[s] had against a wide range of unidentified individuals and businesses only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (cleaned up).  Fourth, Plaintiffs are afforded no release from liability. *See generally* Settlement; *Sanders v. CJS Sols. Grp., LLC*, No. 17 Civ. 3809, 2018 WL 620492, at *4 (S.D.N.Y. Jan. 30, 2018) (collecting cases).

Next, the Settlement provides Defendants with legal recourse—including attorney's fees and costs—in the case that Plaintiffs breach the agreement.  Settlement ¶ 11.  But, Plaintiffs are not afforded reciprocal recourse should Defendants be the breaching party.

Finally, as to attorney's fees, Plaintiffs' counsel seeks an award of $25,000, twenty percent of the $125,000 settlement.  Letter at 4.  The lodestar calculation for this amount is approximately 1.02.  *See* ECF No. 43-2 (attorney billing records).  Courts in this district have found larger awards to be fair and reasonable.  *See Lazo v. Kim's Nails at York Ave.*, *Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee.").  Therefore, given that the attorney's fees represent less

than one-third of the total recovery amount, and are a reasonable lodestar amount, the Court

finds that the requested award of attorney's fees is fair and reasonable.[1]

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED

without prejudice to refiling a revised settlement agreement.  By **March 1, 2024**, the parties may

file a revised letter and settlement agreement consistent with this order.


SO ORDERED.

Dated: January 29, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiffs] and [their] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted).  Therefore, although the proposed attorney's fees appear fair and reasonable, the Court's approval of the award remains contingent on Plaintiffs demonstrating that the Settlement amount is itself reasonable.