UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS CRUZ, *et al.*,                          :
                                              :
                                              :
                        Plaintiffs,           :
                                              :
            -v-                               :
                                              :
ALPINE CONSTRUCTION & RENOVATION,             :
CORP., *et ano.*,                             :
                                              :
                        Defendants.           :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _06/03/2024____

**ORDER**

23-CV-2748 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

Following a settlement conference with me in April 2024, the parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 54) and have now submitted a letter motion in support of settlement (Dkt. No. 56) along with their proposed settlement agreement (Dkt. No. 58) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  In this case, plaintiffs alleged, *inter alia*, violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") as well as violations of New York Labor Law.

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the FLSA, as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Moreover, given Defendants'

apparent financial situation (requiring a payment schedule as part of the settlement), the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

Having carefully reviewed the letter motion in support of settlement (and its attachments) as well as the proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorney's fees and costs) appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), a case considered to be a touchstone in evaluating wage-and-hour settlements.[1]  Among other things, the agreement, reached at a lengthy settlement conference before me, appears to be "the product of arm's-length bargaining between experienced counsel." *Id.*

---

[1] Although there is not a proportionality requirement, attorney's fees in FLSA cases generally amount to a third of the settlement award.  *See, e.g., Manjarrez v. Bayard's Ale House LLC*, No. 21-CV-1968 (OTW), 2022 WL 17363952, at *2 (S.D.N.Y. Dec. 1, 2022) (citing *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a reasonable attorney fee to be paid by the defendant").  *See also Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate").  Notably, some courts have chosen not to compare the contingency payment to the actual hours expended by counsel, and there is much force to that approach as well.  *See, e.g., Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-4915 (GWG), 2023 WL 8258103, at *2 (S.D.N.Y. Nov. 29, 2023).  In any event, plaintiffs' counsel here has agreed to take only 25 percent of the settlement award, which is certainly reasonable (and, in fact, commendable as counsel did so to maximize their clients' recovery).

2

Accordingly, the settlement is hereby approved.[2]

Nothing in this Order approving the settlement shall prevent the parties from filing a stipulation and order of dismissal.

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: June 3, 2024
         New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2] Approval of the settlement agreement should not be deemed an approval of any tax allocations to which the parties have agreed.